WICKER, J.,
concurs in part and dissents in part for the reasons assigned.
|tI agree with the majority that the trial court erred in finding Mrs. Boudreaux liable for less than the full amount of the July 12, 2007 agreement. However, I disagree with the majority in that it reversed the part of the trial court’s judgment that found Lady Bird Homes liable to Perque Carpet.
As the majority notes, the July 12, 2007 agreement is clear and unambiguous and as such Mrs. Boudreaux should be cast in judgment for $24,481.00. However, in my view, the July 12, 2007 agreement represents an assumption, on Mrs. Boudreaux’s behalf, of the obligation that Lady Bird Homes owed to Perque Carpet.
La. C.C. art. 1821 provides:
An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing. The obligee’s consent to the agreement does not effect a release of the obligor. The unreleased obligor remains solidarilg bound with the third person, (emphasis added).
The underlying obligation in this case arose from the open account which existed between Perque Carpet and Lady Bird Homes. The record is clear, however, that Mrs. Boudreaux assumed Lady Bird Home’s obligation to Perque Carpet. Laure Perque testified that during the face-to-face meeting she had with Mr. Christiana and Mrs. Boudreaux, Mr. Christiana stated that |2Mrs. Boudreaux would pay the entire bill. Mrs. Boudreaux admitted that upon hearing Mr. Christia-na’s assertion, she responded “okay.” Because this oral agreement was subsequently reduced to writing, Perque Carpet is legally entitled to enforce the agreement against Mrs. Boudreaux wherein she assumed Lady Bird Home’s obligation. This does not mean, however, that Lady Bird Homes is discharged therefrom. In order for Lady Bird Homes to escape liability, Perque Carpet would have had to discharge it from the obligation. See La. C.C. art. 1882. There is no evidence that occurred here. In fact, Perque Carpet amended its original petition to add Lady Bird Homes as a defendant which evidences the fact that it was never discharged from its obligation.
Therefore, in my view, I would find Lady Bird Homes and Mrs. Boudreaux solidarily liable to Perque Carpet for *939 $25,681.00 subject to the $1,200 payment Mrs. Boudreaux has already tendered.